UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANTONIO NARDELLA
MAGO,

        Petitioner,

    v.                            Case No.:  2:26-cv-00278-SPC-NPM

HERMAN ROGERS *et al.*,

        Respondents,

## OPINION AND ORDER

Before the Court are petitioner Miguel Antonio Nardella Mago's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 20), and Nardella Mago's reply (Doc. 21).  For the below reasons, the Court grants the petition.

### A. Background

Nardella Mago is a native of Venezuela and a citizen of Italy with no criminal history.  He entered the United States on February 23, 2019, under the Visa Waiver Program ("VWP").  In 2021, the Department of Human Services ("DHS") granted Nardella Mago temporary protected status, which remained valid through September 2025.  On July 28, 2025, Nardella Mago married a U.S. citizen and filed a Petition for Alien Relative and an Application to Register Permanent Residence or Adjust Status.  Both remain pending.

On January 4, 2026, police pulled Nardella Mago over while he was driving in Miami solely because the vehicle was registered in his name. Police arrested Nardella Mago for overstaying his visa and handed him over to Immigration and Customs Enforcement ("ICE"). That day, ICE issued Nardella Mago a Notice of Intent to Issue a Final Administrative Removal Order, which summarized DHS's case for removal and informed Nardella Mago he had 48 hours to contest removability. But contrary to the notice and DHS policy, ICE ignored the 48-hour period and immediately issued a Final Administrative Removal Order. It states DHS will proceed with removal unless a court issues a stay of removal or an asylum application is pending before the Executive Office of Immigration Appeals. Nardella Mago requested a credible fear interview through counsel, and ICE referred him to an immigration judge for adjudication of his claim.

Nardella Mago was detained at Alligator Alcatraz when he filed his petition. He has since been moved to Krome North Service Processing Center, where he remains detained without an opportunity to seek release on bond. Nardella Mago argues his detention violates the Fifth Amendment and the Immigration and Nationality Act ("INA"). He seeks immediate release or a bond hearing under 8 U.S.C. § 1226. The respondents argue Nardella Mago is subject to mandatory detention under 8 U.S.C. § 1231.

**B. Jurisdiction**

Before addressing the merits of Nardella Mago's claim, the Court must address its jurisdiction. The respondents argue a provision of the INA strips the Court of jurisdiction over this action. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

Nardella Mago does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Rather, this action challenges the legal basis of Nardella Mago's detention and thus falls squarely under this Court's habeas authority. A decision in Nardella Mago's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

## C. Legality of Detention

The issue presented here is whether Nardella Mago's detention falls under § 1226 or § 1231. § 1226(a) provides noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). § 1231 governs detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period, which normally begins on the date the removal order becomes administratively final.

Thus, this action hinges on whether the January 4, 2026 removal order is administratively final for purposes of § 1231. The Court finds it is not. In *Johnson v. Guzman Chavez*, the Supreme Court explained a removal order is administratively final when there are no further agency review proceedings to

determine removability, and DHS is free to execute the removal order absent a judicial stay.  594 U.S. 523, 534-53 (2021).  While Nardella Mago's removal order purports to be administratively final, it also states that DHS will not proceed with removal while an application for asylum, withholding, or deferral of removal is pending.  (Doc. 20-1 at 7).  Likewise, DHS policy provides that after a noncitizen like Nardella Mago is referred to an immigration judge for asylum proceedings, "the order cannot be acted upon unless the IJ denies the claim and any appeals to the Board of Immigration Appeals and federal courts, if a stay of removal is in effect, are exhausted."  (Doc. 1-8 at 10).

Because the administrative proceeding to determine Nardella Mago's removability is ongoing, he is not subject to an administratively final removal order.  *See Nreka v. U.S. Atty. Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) ("The denial of an asylum application in a VWP proceeding is so closely tied to the removal of the alien that it can be deemed—in conjunction with the referral to the immigration judge—as a final order of removal").  Rather, he is "detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a).  Accordingly, his detention is governed by § 1226(a), and he is entitled to a bond hearing.

The Court will thus order the respondents to either bring Nardella Mago before an immigration judge for an individualized bond hearing or release him within ten days.  The Court is aware that the Executive Office for Immigration

Review is the agency that schedules bond hearings. To be clear, subjecting Nardella Mago to mandatory detention under § 1231 is currently unlawful. If the respondents are unable to ensure Nardella Mago receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED:**

Miguel Antonio Nardella Mago Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Nardella Mago for an individualized bond hearing before an immigration judge or (2) release Mayor under reasonable conditions of supervision. If the respondents release Nardella Mago, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record